(August 25, 1992)

■ In the Matter of ELIZABETH F. MOMROW, Respondent, v GEORGE SCARINGE et al., Constituting the Albany County Board of Elections, Respondents, and CHRISTOS N. APOSTLE, Appellant.—Per Curiam. Appeal from a judgment and order of the Supreme Court (Kahn, J.), entered August 21, 1992 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent

Christos N. Apostle as the Democratic Party candidate for the office of State Senator for the 42nd Senate District in the September 15, 1992 primary election.

After timely filing objections to the designating petition naming respondent Christos N. Apostle (hereinafter respondent) as the Democratic Party candidate for the office of State Senator for the 42nd Senate District, petitioner commenced this proceeding to invalidate respondent's designating petition. Respondent's answer did not raise petitioner's standing as a defense and, on the return date of the petition, respondent's counsel agreed that the sole issue to be determined was the validity of the signatures on 61 pages of the designating petition. Supreme Court ruled that respondent's designating petition lacked sufficient signatures after concluding that the subscribing witness statements' failure to include an Assembly District number on the 61 pages at issue invalidated the 879 signatures contained therein. Respondent then sought reconsideration, claiming that petitioner's application should be dismissed because she was the Party Chairperson of the Town of Colonie Democratic Party Committee and thus specifically denied standing to bring this proceeding pursuant to the language of Election Law § 16-102 (1). Supreme Court denied respondent's motion and this appeal ensued.

Supreme Court's judgment and order should be affirmed. Until such time as the recent amendments regarding the form and contents of subscribing witness statements take effect on January 1, 1993 (see, L 1992, ch 79), the law of this State requires that subscribing witness statements contain correct Assembly District information (Matter of Higby v Mahoney, 48 NY2d 15; Matter of Morris v Hayduk, 45 NY2d 793, cert denied sub nom. Anderson v Neuberger, 439 US 1129; Matter of Vari v Hayduk, 42 NY2d 980; Matter of Rutter v Coveney, 38 NY2d 993; see, Election Law § 6-132 [1]). We also find no reason to disturb the decision by Supreme Court denying respondent's belated attempt to challenge petitioner's standing based on her status as party committee chairperson.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the judgment and order is affirmed, without costs.