(October 15, 1992)

■ In the Matter of JOSEPH C. CRISTIANO, JR., Respondent, v OTSEGO COUNTY BOARD OF ELECTIONS, Respondent, and ERNEST BLANCHARD, Appellant.—Per Curiam. Appeal from an order of the Supreme Court (Ingraham, J.), entered August 7, 1992 in Otsego County, which, in a proceeding pursuant to Election Law § 16-106, denied respondent Ernest Blanchard's motion for renewal.

When this matter was previously before us, we affirmed Supreme Court's order directing that eight absentee ballots cast at the November 5, 1991 election for the office of Highway Superintendent of the Town of Decatur be opened and canvassed (181 AD2d 941). Leave to appeal was then denied by the Court of Appeals (80 NY2d 751). Before the disputed absentee ballots were opened, however, respondent Ernest Blanchard (the incumbent Highway Supreintendent who had a six-vote lead in the election pending the outcome of the disputed ballots) made a motion in Supreme Court for renewal. The basis of Blanchard's renewal motion was his discovery that some or all of those eight voters might be ineligible to vote by virtue of having been previously adjudicated incompetent or declared mentally ill. Concluding that Blanchard's new challenge to the eligibility of the eight voters could have been discovered earlier and that it was untimely made, Supreme Court denied Blanchard's motion and ordered that the eight ballots be opened immediately. It appears that all eight ballots were cast in favor of petitioner, thus making petitioner the winner of the election. Blanchard has taken this appeal.

We affirm. Blanchard failed to timely challenge the qualifications of these voters pursuant to the specific procedures set forth in the Election Law (see, Election Law §§ 5-220, 16-108). He also failed to raise any issues regarding incompetency or mental illness of any of the absentee voters in opposition to petitioner's original application to canvass certain unopened absentee ballots. Under these circumstances, Supreme Court properly refused to reopen this matter after it had been finally adjudicated (see, Matter of Momrow v Scaringe, 185 AD2d 1014, lv denied 80 NY2d 912).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.